IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEREMY F. AHLIJAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-063-CFC |
| ) | |
| ALEJANDRO MAYORKAS,[1] ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

Jeremy F. Ahlijah, Newark, Delaware

*Pro se Plaintiff*

Shamoor Anis, ASSISTANT UNITED STATES ATTORNEY, Wilmington, Delaware

*Counsel for Defendants*

**MEMORANDUM OPINION**

March 21, 2022
Wilmington, Delaware

___

[1] Pursuant to Fed. R. Civ. P. 25(d) Chad Wolf and Kenneth T. Cuccinelli, who were sued in their official capacities, are substituted as Defendants: Alejandro Mayorkas replaces Chad Wolf as Secretary, Department of Homeland Security; and Ur Mendoza Jaddou replaces Kenneth T. Cuccinelli as Director, United States Citizenship and Immigration Services.

_____
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiff Jeremy F. Ahlijah, who appears pro se, challenges in his four-count Complaint (D.I. 2) several decisions by the Department of Homeland Security's (DHS) United States Citizenship and Immigration Services (USCIS) and its predecessor agency, the Immigration and Naturalization Service (INS). (The INS, an agency of the United States Department of Justice, was dissolved in March 2003, and its responsibilities were distributed among the USCIS, the U.S. Immigration and Customs Enforcement, and the U.S. Customs and Border Protection. USCIS History Office & Library, Overview of INS History 11, USCIS (2012), https://www.uscis.gov/sites/default/files/document/fact-sheets/INSHistory.pdf.) Pending before me is Defendants' motion to dismiss Counts I, II, and IV of the Complaint for lack of subject matter jurisdiction (D.I. 16). The motion is fully briefed, and no hearing is necessary.

## I. BACKGROUND

Ahlijah is a native and citizen of Cameroon. He arrived in the United States in 1981 on a B-2 tourism visa and obtained in 1984 an F-1 temporary nonimmigrant student visa that allowed him to attend school in the United States. D.I. 2-1 at 10; 8 U.S.C. §§ 1101(a)(15)(F)(i) and (a)(15)(B); 8 C.F.R. §§ 214.2(b)(1) and (f)(6).

1

It is undisputed that on June 7, 2018, the Immigration Court issued an Interim Order for removal of Ahlijah to Cameroon, that Ahlijah appealed that order on June 29, 2018 to the Board of Immigration Appeals (BIA), and that his appeal remains pending. D.I. 16 at 9; D.I. 19 at 12 (arguing that the initiation of removal proceedings violated Ahlijah's due process rights).

The three counts of the Complaint that are the subject of the pending motion arise out of forms Ahlijah submitted many years ago either to USCIS or INS.

In 1991, Ahlijah submitted a Form I-687 to INS, seeking temporary resident status under Section 245A of the Immigration and Nationality Act (INA). D.I. 2-1 at 4. Alijah claimed that he was entitled to temporary resident status pursuant to a settlement agreement USCIS entered in to in connection with the class action lawsuit titled *League of United Latin American Citizens v. Immigration and Naturalization Service (INS)* (*LULAC*). *Id.* By letter dated January 15, 2002, INS denied Ahlijah's application due to insufficient evidence that Ahlijah met the *LULAC* class's inclusion requirements. D.I. 2-1 at 23. In Count I of the Complaint, Ahlijah alleges that Defendants improperly rejected his Form I-687 in violation of the Administrative Procedures Act (APA) and the Due Process Clause of the Fifth Amendment by affording no opportunity to appeal, by acting in an arbitrary manner, and by providing inadequate notice. D.I. 2 at 3–8.

On September 19, 2008, Ahlijah filed a Form I-485, seeking permanent

2

resident status under Section 245 of the INA. D.I. 2-2 at 2; D.I. 16 at 3. By letter dated August 27, 2009, USCIS denied Ahlijah's claim based on its finding that Ahlijah had been convicted of "a crime involving moral turpitude." D.I. 2-2 at 4. In Count II of the Complaint, Ahlijah alleges that Defendants improperly denied his Form I-485 in violation of the APA and the Due Process Clause of the Fifth Amendment by failing to follow Defendants' own non-discretionary policies and procedures. D.I. 2 at 8–12.

Finally, in August 2013, Ahlijah filed a Form I-918, seeking U Nonimmigrant Status. D.I. 2-4 at 2; D.I. 16 at 3. Form I-918 permits victims "of certain qualifying criminal activity" to "request temporary immigration benefits . . . ." Instructions for Petition for U Nonimmigrant Status and Supplement A, Petition for Qualifying Family Member of U-1 Recipient, U.S. Dept. of Homeland Security (Dec. 6, 2021), https://www.uscis.gov/sites/default/files/document/forms/I-918instr.pdf. In Count IV, Ahlijah appears to demand that Defendants produce evidence to confirm that he withdrew his Form I-918 Petition. D.I. 2 at 15.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-

3

matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. *See* Fed. R. Civ. P. 12(b)(1).

Once a court's jurisdiction is challenged, it must presume that it lacks jurisdiction unless the party asserting that jurisdiction exists can prove otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Wells v. King*, 340 F. App'x 57, 58 (3d Cir. 2009) (citing *Kokkonen*, 511 U.S. at 377). The requirement that a plaintiff establish subject matter jurisdiction "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *see also United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) (citing *Steel Co.*, 523 U.S. at 94–95). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack, such as here, the court may consider any evidence

4

submitted by the parties that is relevant to the issue of jurisdiction. *Davis*, 824 F.3d at 346 ("[A] factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'" (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). In such cases, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *see also Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891).

### B. The APA

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

The APA provides for limited waiver of sovereign immunity and judicial review of agency actions. Under the APA, a federal court may review only "final agency action[s] for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. An agency action is final when it is the "consummation of the

5

agency's decisionmaking process," and when "rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotes and citations omitted); *see also Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 180 (3d Cir. 2019) (same). "If there remain[s] a step . . . to have an action reviewed within the agency, then the action is not final and judicial review is premature." *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005). When a plaintiff seeks review in the district court of a nonfinal agency action, the court must dismiss the matter for lack of subject matter jurisdiction. *See Naik v. Dir. U.S. Citizenship & Immigr. Servs. Vermont*, 575 F. App'x 88, 92 (3d Cir. 2014) ("Accordingly, . . . there is no final agency action, and the District Court lacked subject matter jurisdiction."); *Invention Submission Corp. v. Rogan*, 357 F.3d 452, 460 (4th Cir. 2004) (similar).

### C.  Mandamus

Pursuant to 28 U.S.C. § 1361 "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered "a drastic one, to be invoked only in extraordinary situations" where government officials have clearly failed to perform nondiscretionary duties. *Kerr v. U.S. District Court*, 426 U.S. 394, 402 (1976); *see also Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542 U.S.

367, 380 (2004). To obtain mandamus relief, a plaintiff must demonstrate the lack of any other adequate remedy. *Mallard v. U.S. District Court for So. District of Iowa*, 490 U.S. 296, 309 (1989); *see also Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 906 (2022) ("A party seeking a writ of mandamus must show that he has (i) no other adequate means of obtaining the desired relief . . . ."). Additionally, writs of mandamus are only available to compel "a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion." *Harmon Cove Condominium Ass'n, Inc. v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987).

### III. DISCUSSION

#### A. Jurisdiction Under the APA

##### 1. Count I

Count I seeks judicial review of Defendants' temporary resident status rejection under § 245A of Ahlijah's Form I-687. Section 245A permits federal courts to review a denial of an adjustment of an immigrant's status "only in the judicial review of an order of deportation . . . ." 8 U.S.C. §§ 1255a(f)(1), (f)(4)(A) (referencing 8 U.S.C.A. § 1105a (West Sept. 29, 1996)); *see also Qureshi v. Admin. Appeals Off. (AAO) of USCIS*, 408 F. App'x 611, 613 (3d Cir. 2010). Since the 2002 letter is not a final deportation order, Ahlijah cannot seek judicial review of the INS's temporary resident status determination. Indeed, Ahlijah

7

cannot appeal from a final deportation order because he is still in removal proceedings and the BIA has not yet issued a final order.  (Moreover, any appeal from a final deportation order would lie with the Third Circuit, not this Court.  8 U.S.C. § 1252(a)(5).)

Ahlijah argues that I have jurisdiction over Count I under 8 U.S.C. § 1255a(f)(4)(C).  D.I. 19 at 9.  But he is wrong.  Section 1255a(f)(4)(C) provides:

> Notwithstanding any other provision of law, no court shall have jurisdiction of any cause of action or claim by or on behalf of any person asserting an interest under this section unless such person in fact filed an application under this section within the period specified by subsection (a)(1), or attempted to file a complete application and application fee with an authorized legalization officer of the Service but had the application and fee refused by that officer.

Thus, § 1255a(f)(4)(C) is an additional limitation on judicial review, not an independent basis for jurisdiction.

Ahlijah is similarly incorrect that *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991) gives rise to jurisdiction over Count I.  *See* D.I. 19 at 9.  The Court was explicit in *McNary* that its holding "relate[d] only to the SAW ["special agricultural workers" lawfully admitted for temporary residence status] amnesty program."  498 U.S. at 483.  The Court held in *McNary* that a district court could "exercis[e] general federal-question jurisdiction over an action alleging a pattern or practice of procedural due process violations by [INS] in its administration of the

8

SAW program." *Id.* Thus, *McNary* has no relevance here. Ahlijah is not a special agricultural worker and, in any event, he has not alleged a pattern or practice of due process violations by INS or USCIS.

### 2. Count II

Count II seeks review of USCIS's 2009 denial under § 245 of Ahlijah's Form I-485 request for adjustment of residency status. Ahlijah, however, may seek agency review of this denial in his pending removal proceedings. *See Jie Fang*, 935 F.3d at 182 (holding that "removal proceedings empower[ ] the immigration judge to exercise *de novo* review over applications for adjustment of status"). Accordingly, since there remains a step for Ahlijah to have the denial reviewed by the BIA, the denial is not a final order over which this court has jurisdiction. *Pinho*, 432 F.3d at 200; *see also Jie Fang*, 935 F.3d at 182 (summarizing and quoting with approval the conclusion of the Ninth Circuit in *Cabaccang v. U.S. Citizenship & Immigration Services.*, 627 F.3d 1313 (9th Cir. 2010), that "the denial of status adjustment [is] not final because the immigration judge overseeing the pending removal proceedings ha[s] the power to 'completely wipe away [the] USCIS's prior decision' to deny Cabaccang's adjustment-of-status request.").

### 3. Count IV

Count IV reads as follows:

9

> On August 14, 2013, Plaintiff filed a Petition for U-Nonimmigrant Visa (Form 1-918). On June 5, 2015 Defendant[s] requested additional evidence for Plaintiff's U-Nonimmigrant Visa (Form 1-918). Defendant[s] alleged that it will take 60 days to respond to Plaintiffs application request. *See Exhibit D-1* [D.I. 2-4]. However, Plaintiff waited for two (2) years and on June 28, 2017 he receive[d] a notice from USICS alleging that he supposedly withdrew his application, and there was no appeal or motion right. *See Exhibit D-2 Defendant June 28, 2017 Decision* [D.I. 2-4 at 8]. With that, Plaintiff requested Defendant[s] to provide evidence to support [their] allegation that he has requested for the withdrawal of his Form 1-918 application. *See Exhibit D-3, Request for Evidence* [D.I. 2-4 at 10–11]. As of today, January 15, 2020, Plaintiff still has not received any such evidence that Defendant[s] alleged Plaintiff directed them to withdraw his petition. The reason is because the Defendant[s] evidently circumvented that allegation in o[rd]er to deny Plaintiff his Form I-918 Petition. Consequently, Defendant[s] abuse[d] [their] discretion in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A)-(B), by arbitrarily alleging that Plaintiff withdrew his Form 1-918 petition without providing any evidence to support their claim.

D.I. 2 at 15.

Defendants submitted with their motion a copy of Ahlijah's November 12, 2015 letter to USCIS in which he "respectfully request[ed] . . . to withdraw [his] Form I-918 Petition for U Nonimmigrant Status" so that he could "seek relief o[f] [his] Adjustment of status at [his] removal proceeding." D.I. 16-1. Ahlijah did not address Count IV or Defendants' arguments to dismiss Count IV anywhere in the 78 pages of briefing he filed in oppositions to Defendants' motion. *See* D.I.

10

18; D.I. 19; D.I. 22.  He does not dispute that he withdrew his Form I-918 Petition in November 2015.

I read Count IV as a claim seeking an order to require Defendants to produce to Ahlijah a copy of the withdrawal of his Form I-918 Petition.  That reading is confirmed by the fact that Ahlijah did not respond to Defendants' arguments related to Count IV in his opposition briefing after Defendants provided him a copy of the withdrawal letter.  *See* D.I. 19; D.I. 22.  Count IV is therefore moot, and, there no longer being a controversy about the withdrawal letter, I will dismiss Count IV for lack of subject matter jurisdiction.  *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (citation and some internal quotation marks omitted)).

### B.  Mandamus Jurisdiction

As discussed above, Ahlijah may seek review of the denial of his requests for adjustments of status in removal proceedings or in judicial review thereof.  8 U.S.C. §§ 1255a(f)(1), (f)(4)(A); 8 C.F.R. § 245.2(a)(5)(ii).  And he has already obtained the relief he sought in Count IV.  Because, with respect to Counts I and II, Ahlijah has other forms of relief available to him, this Court lacks mandamus jurisdiction.  *Mallard*, 490 U.S. at 309.

## IV. CONCLUSION

For the reasons discussed above, I will grant Defendants' motion to dismiss for lack of subject matter jurisdiction and will dismiss Counts I, II, and IV.[2]

The Court will enter an Order consistent with this Memorandum Opinion.

---

[2] Defendants also argued in their motion that Counts I and II should be dismissed as time barred. D.I. 16 at 8, 11. I need not address those arguments since I lack jurisdiction over Counts I and II.