IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JEREMY F. AHLIJAH, :
:
    Plaintiff, :
:
v. : Civil Action No. 20-63-CFC
:
ALEJANDRO MAYORKAS, et al., :
:
    Defendants. :

Jeremy Ahlijah, Newark, Delaware.   Pro Se Plaintiff.

Shamoor Anis, Assistant United States Attorney, Wilmington, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

June 26, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

In January 2020, Plaintiff Jeremy F. Ahlijah, proceeding *pro se*, initiated this action by filing a four-count Complaint, bringing claims related to his immigration status. (D.I. 2) The Court previously dismissed Counts I, II, and IV for lack of subject matter jurisdiction (D.I. 33, 34), and then denied Plaintiff's motion for reconsideration of the dismissal of Counts I and II (D.I. 45). Before the Court are Plaintiff's second motion for reconsideration of the dismissal of Counts I and II (D.I. 63) and Defendants' motion for summary judgment as to Count III (D.I. 59).

## I. BACKGROUND AND FACTUAL RECORD

Plaintiff is a citizen of Cameroon. He arrived in the United States in 1981 on a B-2 tourism visa and obtained in 1984 an F-1 temporary nonimmigrant student visa that allowed him to attend school in the United States.

At the time he filed this action, Plaintiff was undergoing removal proceedings that had been initiated in 2013 by the Department of Homeland Security (DHS). On June 7, 2018, an Immigration Judge ordered Plaintiff removed to Cameroon. On June 29, 2018, Plaintiff appealed the Immigration Judge's removal order to the Board of Immigration Appeals (BIA). Plaintiff's BIA appeal was still pending when he filed this action.

On May 3, 2022, the BIA affirmed the Immigration Judge's order of removal, dismissed the appeal, and denied Plaintiff's motion to terminate the

proceedings. (D.I. 37-9) The BIA then remanded the record "for further proceedings consistent with the foregoing opinion and for the entry of a new decision." (*Id.* at 11) On March 6, 2023, the Immigration Judge granted a motion Plaintiff filed to terminate his removal proceedings. (D.I. 40-1 at 2)

A. **Background Relevant to Counts I, II, and IV**

In Counts I and II of his Complaint, Plaintiff sought judicial review of previous adverse immigration decisions. In Count I, Plaintiff sought review of the 2002 denial by the United States Immigration and Naturalization Service (INS) of his request under 8 U.S.C. § 1255a to adjust his status to that of a lawful temporary resident. In Count II, he sought review of the 2009 denial by the United States Citizenship and Immigration Services (USCIS)[1] of his request under 8 U.S.C. § 1255 for adjustment of his residency status.

Defendants filed a motion to dismiss Counts I, II, and IV, arguing, as relevant, that this Court lacked jurisdiction over Counts I and II and that those claims were time-barred under the Administrative Procedures Act (APA). (D.I. 16 at 11-16) On March 21, 2021, this Court granted Defendants' motion and dismissed Counts I, II, and IV for lack of subject matter jurisdiction. (D.I. 33, 34) The Court acknowledged Defendants' timeliness arguments, but noted that they

---

[1] In 2003, INS was dissolved and its relevant functions were transferred to the newly created USCIS. *See Pinho v. Gonzales*, 432 F.3d 193, 200 n.8 (3d Cir. 2005)

2

did not need to be addressed because the Court lacked jurisdiction over Counts I and II. (D.I. 33 at 13 n.12) Plaintiff filed a notice of appeal. (D.I. 35) On October 6, 2022, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of appellate jurisdiction, reasoning that this Court's March 21, 2021 Order was a nonfinal order because it had dismissed only three of Plaintiff's four claims. *See Ahlijah v. Wolf,* C.A. No. 22-1659 (3d Cir. Oct. 6, 2022).

On November 18, 2022, Plaintiff filed in this Court a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the March 21, 2021 Order as to Counts I and II based on the BIA decision. (D.I. 37) Defendants opposed the Rule 60(b) motion, arguing that this Court still lacked jurisdiction, despite the BIA ruling. (D.I. 38)

On March 27, 2023, Plaintiff filed an amended Rule 60(b) motion, relying on the same arguments presented in his first motion, as well as the termination of the removal proceedings, to assert that this Court had obtained jurisdiction over Counts I and II. (D.I. 40) In response, Defendants maintained that this Court continues to lack jurisdiction over Counts I and II for the reasons previously held, and that, in any event, these claims are time-barred. (D.I. 41)

On February 17, 2023, the Court denied Plaintiff's motions for reconsideration, holding that jurisdiction was clearly lacking over Count I pursuant

to binding Third Circuit precedent, and that, even assuming, *arguendo*, that the Court had jurisdiction over Count II, that claim was time-barred under the APA. (D.I. 45 at 12-17)

Presently, Plaintiff again seeks reconsideration of the dismissal of Counts I and II, reasserting essentially the same arguments he previously raised as to Count I, and, for the first time, arguing that his filing, on February 29, 2016, of a motion to reopen or reconsider the USCIS's 2009 denial of his request under § 1255 for adjustment of his residency status served to toll the statute of limitations under the APA. (D.I. 63)

### B. Background Relevant to Count III

In Count III, the only active claim, Plaintiff seeks review of the denial by the USCIS of his August 2013 Form I-360 Self-Petition for Amerasian, Widow(er) or Special Immigrant Status (Petition) to be classified as the abused spouse of a United States citizen. In January 2014, the USCIS issued a Request for Evidence (RFE), directed at information regarding Plaintiff's December 1990 conviction for kidnapping and criminal sexual conduct in the fifth degree in Minnesota and his September 2007 charge for offensive touching in Delaware. The RFE additionally sought records from the 3-year period immediately preceding the filing of the Petition, but noted that the agency was not precluded from considering good moral character prior to the 3-year period. Plaintiff's response

4

demonstrated that the September 2007 Delaware charge was dismissed in October 2007.

In June 2014, the USCIS denied the Petition on the basis that Plaintiff had been convicted of a crime involving moral turpitude; namely, his 1990 Minnesota conviction for kidnapping and criminal sexual conduct, which also rendered him ineligible because it demonstrated that he had engaged in a forced or coerced non-consensual sexual act.

In August 2017, after multiple unsuccessful motions for reconsideration, Plaintiff challenged the USCIS's denial of the Petition in the United States District Court for the District of Maryland. *See Ahlijah v. Nielsen*, 2018 WL 3363875 (D. Md. July 10, 2018) ("*Ahlijah I*"). After Plaintiff filed his complaint in *Ahlijah I*, the USCIS reopened the Petition, *sua sponte*, and issued a second RFE, affording Plaintiff the opportunity to supplement the record with additional documentation and sworn explanations of the circumstances around five criminal charges in Delaware for offensive touching, assault, and breach of release, from 2007 through 2010, all of which were dismissed or *nolle prossed*. Plaintiff declined to provide further evidence.

On January 31, 2018, the USCIS issued its final decision denying the Petition, reasoning that Plaintiff's pattern of arrests, when considered in conjunction with his Minesota conviction, "indicate[d] a pattern of behavior that

5

does not measure up to the standards of average citizens of the community for immigration purposes," and concluding that, based on the agency's discretion in weighing the evidence, Plaintiff had not established that he was a person of good moral character. (D.I. 59-1 at 23-24)

On July 10, 2018, the court in *Alijah I*, dismissed Plaintiff's claim based on the initial 2014 denial of the Petition. 2018 WL 3363875, at *2. The court noted that the 2014 denial was no longer the final agency action, and that Plaintiff was arguing that the USCIS abused its discretion in reopening the case. *Id.* The court, however, concluded that the USCIS had exercised its lawful authority in reopening the case and that, therefore, Plaintiff's challenge to the non-final 2014 denial had to be dismissed. *Id.*

Here, in Count III, Plaintiff again argues that the USCIS abused its discretion by reconsidering the Petition, and additionally argues, as to the 2018 final denial of the Petition, that the USCIS improperly weighed the evidence and improperly considered evidence dating more than three years prior to the filing of the Petition.

## II. LEGAL STANDARDS

### A. Rule 60(b)

Rule 60(b) provides that a party may file a motion for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reserved or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### B.  Summary Judgment

Under the APA, "[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. "Summary judgment is the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Bintz v. Fed. Emergency Mgmt. Agency*, 413 F. Supp. 3d 349, 360 (D. Del. 2019) (internal quotation marks and citations omitted). The APA requires a district court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with [the] law[.]" 5 U.S.C. § 706(2)(A). This "deferential standard . . . presume[s] the validity of agency action." *SBC Inc. v. FCC*, 414 F.3d 486, 496 (3d Cir. 2005) (internal quotation marks and citation omitted; original alteration). A court must "not . . . substitute its judgment for that of the agency in an APA

challenge." *NVE, Inc. v. Dept. of Health and Human Servs.*, 436 F.3d 182, 190 (3d Cir. 2006) (internal quotation marks and citation omitted).

Under the arbitrary and capricious standard, an agency's decision will not be vacated unless it "has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, *551* U.S. 644, 658 (2007) (citation omitted). An agency's ruling is not arbitrary and capricious where the agency "reach[ed] its decision by examin[ing] the relevant data . . . [and] articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *CBS Corp. v. FCC*, 663 F.3d 122, 137 (3d Cir. 2011) (internal quotation marks and citations omitted). An agency's findings must be upheld "unless the evidence not only supports a contrary conclusion, but compels it." *Yitang Sheng v. Att'y Gen.*, 365 F. App'x 408, 410 (3d Cir. 2010) (citation omitted).

### III. DISCUSSION

#### A. Motion for Reconsideration

The Court will deny Plaintiff's motion for reconsideration. As the Court noted when it denied Plaintiff's last round of reconsideration requests, Rule 60(b)

8

is restricted to providing relief from "final" judgments, orders, or proceedings. *See State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016); Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). The Court could deny Plaintiff's motion on that ground alone. Given, however, that the Court will grant summary judgment as to the only remaining claim, the Court will briefly address Plaintiff's arguments.

As to Count I, Plaintiff's arguments are merely repackaged arguments the Court has previously rejected. Reconsideration is therefore not warranted. As to Count II, Plaintiff's untimely filing of a motion for reconsideration in the agency, which was filed after the APA's statute of limitation for filing a federal action had run, could not, and indeed, did not, toll the statute of limitations for bringing a federal claim. The Court's holding that Count II is untimely remains sound.

### B. Summary Judgment

To begin, the Court agrees with the *Ahlijah I* court's rejection of Plaintiff's

argument that the USCIS abused its discretion by *sua sponte* reopening and reconsidering the Petition. *See* 8 C.F.R. § 103.5(a)(5) (granting agency the authority to reopen or reconsider a previously final action on its own accord); *see also Ajlijah I*, 2018 WL 3363875, at *2 (collecting cases).

Next, the Court concludes that it lacks jurisdiction to review USCIS's exercise of its discretion in weighing evidence to determine that Plaintiff is not a person of good moral character. Under the Immigration and Nationality Act (INA), "no court shall have jurisdiction to review . . . "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). As the Second Circuit has explained, "decisions regarding whether to credit and how to weigh evidence supporting a petition made by an applicant claiming to be a battered spouse or child are within the 'sole discretion of the Attorney General.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 n.5 (2d Cir. 2009) (quoting 8 U.S.C. § 1154(a)(1)(J)).[2]

---

[2] The Court has considered whether this conclusion was impacted by *Wilkinson v. Garland*, 601 U.S. 209 (2024), in which the Supreme Court recently considered whether federal courts of appeals have jurisdiction to review mixed questions of law and fact under § 1252(a)(2)(D), such as the hardship determination contained in 8 U.S.C.S. § 1229b(b)(1)(D), or whether such a determination is a discretionary judgment decision that is unreviewable under §1252(a)(2)(B)(i). *Wilkinson* held that § 1252(a)(2)(D) gives *federal courts of appeals* jurisdiction in such situations.

10

Finally, the USCIS did not abuse its discretion by considering Plaintiff's criminal history dating more than three years prior to the filing of the Petition. *See Walters v. Att'y Gen.*, 2021 WL 4316832, at *1 (3d Cir. Sept. 23, 2021) (holding that it was not abuse of discretion for the Board of Immigration Appeals to review the petitioner's "at least twenty crimes spanning almost two decades . . . which undercut [her] good moral character")

## IV. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for reconsideration (D.I. 63) and deny Defendants' motion for summary judgment. (D.I. 59).

The Court will issue an Order consisted with this Memorandum Opinion.

---

601 U.S. at 212, 225. This Court concludes that *Wilkinson* has no impact on the present case. The *Wilkinson* decision advised that "[t]h[is] holding does not render § 1252(a)(2)'s jurisdiction-stripping provisions meaningless. As this Court said in *Guerrero-Lasprilla* and reiterated in *Patel*, those provisions still operate to exclude 'agency fact-finding from review.'" *Wilkinson*, 601 U.S. at 225 (citing *Patel v. Garland*, 596 U. S. 328, 339 (2022), and *Guerrero-Lasprilla v. Barr*, 589 U. S. 221, 234-235 (2020)); *see also Zhigang Feng v. Mayorkas*, 2024 U.S. Dist. LEXIS 88657, at *13-17 (C.D. Cal. May 16, 2024) (considering the impact of *Wilkinson* on a similar provision of the INA).